UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASMINE HARRIS, )
 )
 Plaintiff, )
 )
 ) Civil Action No. 1:19-cv-02146 (UNA)
v. )
 )
WASHINGTON D.C. METROPOLITAN )
POLICE DEPARTMENT, )
 )
 Defendant. )

FILED
OCT 3 1 2019
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's application to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff, a resident of Washington, D.C., sues the Washington D.C. Metropolitan Police Department ("Metro Police"). She alleges that [sic] "Alex Pastor and assistant [d]oes not care for my well being," engaging in "neglect toward mental health statutes." She alleges that these individuals "do not have sympathy for her," because they presumably issued some sort of barring order regarding her presence at an Exxon gas station on Massachusetts Avenue, NW. She states that this case is founded on [sic] "Utilitarianism and Virtue Ethics which opens a case for 'property' 'consent' 'liberation' and 'just cause[,]' " and also that "Alex Pastor broke the freedom of momentum clause." She seeks $1 million dollars in damages.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

1

complaints to contain "(1) a short and plain statement of the grounds for the Court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The ambiguous allegations comprising the complaint fail to provide adequate notice of a claim. The causes of action are entirely undefined. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages.

Furthermore, the Metro Police is an agency *non sui juris* because bodies within the District of Columbia government are not suable as separate entities. *See, e.g., Nix El v. Williams*, 174 F. Supp. 3d 87, 93 (D.D.C. 2016); *see also Hickman v. Library of Congress*, 74 F. Supp. 3d 329, 331 (D.D.C. 2014).

For the above reasons, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 31, 2019

United States District Judge